No. 2420

Second Circuit

HARRIS ET AL. v. HENDERSON LAND, TIMBER & INVESTMENT CO., INC.

(November 8, 1928. Opinion and Decree.)

Murff and Perkins, of Shreveport, attorneys for plaintiffs, appellees.

Pugh and Boatner, of Shreveport, attorneys for defendant, appellant.

WEBB, J. This action was brought by Lawson Harris, Albert Faulkner, Lucinda House, Willie House Dickson, and Jodie House Epps, to recover judgment for an interest in real estate formerly belonging to Jane Martin, who was alleged to have been the mother of Lawson Harris and Albert Faulkner and the grandmother of Lucinda House, Willie House Dickson and Jodie House Epps.

The plaintiffs alleged that Jane Martin owned an undivided one-half interest in the property, and that she left eight children, including Lawson Harris, Albert Faulkner, and the mother of Lucinda House, Willie House Dickson and Jodie House Epps, and prayed for judgment for their proportionate interests, or one-sixteenth to each of the children, Lawson Harris and Albert Faulkner, and one forty-eighth to each of the grandchildren, Lucinda House, Willie House Dickson and Jodie House Epps, and the evidence establishing that Lawson Harris was not a legitimate child of Jane Martin and that she had only seven children, the demands of Lawson Harris were rejected and the other plaintiffs were recognized as the owners of the proportionate interests established by the evidence to have been inherited by them from Jane White, or one-fourteenth

to Albert Faulkner and one forty-secondth to Lucinda House, Willie House Dickson and Jodie House Epps, and the defendant contends that the recognition of plaintiffs for such interests being in excess of the specific interests claimed by the parties the judgment was erroneous, and in violation of Article 156 of the Code of Practice, which reads:

"If one demands less than is due him, and do not amend his petition, in order to augment his demand, he shall lose the overplus."

The petition set forth the title under which the plaintiffs claimed an interest in the property, that is, the title of their ancestor and their relation to her, and the number of her heirs, and the specific interest claimed was merely a consequence of the allegation of the number of their co-heirs.

They did not allege the names of the other heirs, nor is it contended that defendant acquired any interest in the property from Lawson Harris, who was alleged by plaintiffs to have been one of their co-heirs, and no estoppel could have arisen in favor of defendant by reason of their allegation in this respect, and the evidence establishing that Lawson Harris was not a legitimate child of Jane Martin and that Jane Martin had only seven children, we are of the opinion that under the prayer for general relief the judgment properly recognized them as the owners of the interest in the property established by the evidence to have been inherited by them from their ancestor, although the interest was in excess of that which they would have inherited had the evidence established that Lawson Harris was a legitimate child of Jane Martin, through whom the plaintiffs asserted title.

It is therefore ordered that the former opinion and decree rendered herein be reinstated.